FILED
2007 Oct-11  AM 09:16
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CATHERINE HARRIS, an individual** | ) | |
| **GEORGE HARRIS, an individual** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **PALISADES COLLECTION, LLC, a** | ) | |
| **Corporation; HOUSEHOLD FINANCE** | ) | |
| **CORP. OF NEVADA, a Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COME NOW** the Plaintiffs by and through counsel, in the above styled cause, and for their Complaint against the Defendants state as follows:

### Jurisdiction & Venue

1.    This is an action brought by a consumer Catherine Harris for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"])[1] regarding inaccurate entries on her credit reports and violations of other applicable federal laws by Defendant Palisades, who is a "debt collectors" under the FDCPA.  Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331

---

[1] Any reference to the Fair Debt Collection Practices Act or any part thereof encompasses all relevant parts and subparts thereto.

2.      This action is also brought under Alabama state law by both Plaintiffs against both Defendants.  These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3.      The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4.      The Plaintiff, Catherine Harris ("Catherine" or "Plaintiffs"), is a natural person residing in this judicial district.

5.      The Plaintiff, George Harris ("George" or "Plaintiffs"), is a natural person residing in this judicial district.

6.      Defendant Palisades Collection, LLC ("Palisades" or "Defendant") is a foreign company that engages in the collection of debts in this judicial district.

7.      Defendant Household Finance Corporation of Nevada ("HFC" or "Defendant") is a foreign company that engages in business in this judicial district.

2

## FACTUAL ALLEGATIONS

8.    Plaintiffs filed bankruptcy and were discharged on January 17, 2007, with all Defendants receiving a copy of the discharge order.  The case number was 06-04103.

9.    Despite the court order, the Defendants have continued to report Plaintiffs' accounts to one or more of the three national consumer-reporting agencies ("CRAs") as having a current balance owed and not showing the accounts as being discharged in bankruptcy as follows:

   a.  Defendant Palisades shows balances of $8,410.00 and $3,051.00 for two accounts on the Experian report of Catherine.

   b.  Defendant HFC shows a balance of $5,829.00 twice for an account on the Experian report of George.

10.   Defendants have intentionally not reported to the CRAs that the accounts should have a zero balance and were included in the Bankruptcy.

11.   Defendants have intentionally and maliciously refused to report the true balance to the CRAs when Defendants knew that the debts were discharged in bankruptcy.

12.   The effect of these errors on Plaintiffs' credit reports has been to negatively impact Plaintiffs' credit reports, credit worthiness, and credit scores.

13.     The conduct of the Defendants has proximately caused Plaintiffs past and future monetary loss, past and future damage to Plaintiffs' credit and credit worthiness, past and future mental distress and emotional anguish and other damages that will be presented to the jury.

14.     Defendants knew and know that a discharge order means the Plaintiffs no longer owe the debts and have no personal liability to Defendants, but the Defendants have made a corporate decision to willfully and maliciously act contrary to their knowledge in their calculated decision to violate the requirements to properly update the Plaintiffs' accounts.

15.     The Defendants have a policy and procedure to refuse to properly update credit reports of consumers, like the Plaintiffs, who have discharged the debts.  The reason is to keep false information on the credit report.  The false information consists of a balance shown as owed (when Defendants have known since discharge that no balance is owed) and no reference to the debt being discharged in Bankruptcy.

16.     Defendants update dozens or more accounts each month with allegedly the correct information regarding the balance but have willfully and maliciously refused to do so with Plaintiffs and with other consumers who are similarly situated who have also received a discharge order on Defendants' debts.

17.   The Defendants have willfully and maliciously failed to report the accounts as having a "0" balance as required by 16 CFR § 607 (6), which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

18.   The Defendants have promised through their subscriber agreements or contracts with the CRAs to update accounts that have been discharged in bankruptcy but the Defendants have willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the Fair Credit Reporting Act, FDCPA, federal law and state law which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

19.   The Defendants have a policy to "park" its accounts on at least one of the Plaintiffs' credit reports.  This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

20.   In the context of parking an account, the Defendants have an obligation and duty under federal and state law to accurately report the balance and the Defendants willfully and maliciously refuse to do so.

21.   The Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiffs' credit reports are accessed and this is the malicious and intentional design behind the Defendants' actions with the goal to force the Plaintiffs (and similarly situated consumers) to pay on an account the Plaintiffs do not owe.

22.   The credit reports of Plaintiffs have been accessed since the discharge and therefore the false information of the Defendants have been published to not only the CRAs but also other third parties – which is what the Defendants intended to happen.

23.   When the consumer pays the "parked" account, the Defendants claim that such payment was purely "voluntarily" or was to pay off a "moral obligation".   The Defendants know and intend that by willfully and maliciously parking the account on the credit report, illegal payment can be extorted from the consumer.

24.   Despite receiving disputes that the Defendants' reporting on accounts included in bankruptcy was false, the Defendants have intentionally and

knowingly not corrected their policy of keeping false and damaging information on at least one of the Plaintiffs' credit reports.

25.  It is a practice of the Defendants to maliciously, willfully, recklessly, wantonly, and/or negligently violate, ignore, and refuse to follow the requirements of the FCRA, FDCPA, federal and state law.

26.  All actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

27.  All actions taken by Defendants were done with malice, were done wantonly, recklessly, intentionally or willfully, and were done with either the desire to harm Plaintiffs and/or with the knowledge that its actions would very likely harm Plaintiffs and/or that its actions were taken in violation of the law.

28.  Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and such the Defendants are subject to punitive damages, statutory damages, and all other appropriate measures to punish and deter similar future conduct by Defendants and similar companies.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

30. Defendant Palisades is a debt collector under the FDCPA and violated the FDCPA in numerous ways, including, but not limited to, the following:

   a. Falsely reporting a balance owed on Catherine's credit report;

   b. Falsely attempting to collect a debt (through the reporting of a balance) when there is no legal right to collect the discharged debt; and

   c. Refusing to properly update the account.

31. Plaintiff has been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### State Law Claims

32. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

33. Defendants published false information about Plaintiffs by reporting the Defendants' accounts with a false balance.  Each time the credit reports of Plaintiffs were accessed, a new publication occurred, which was the result intended by the Defendants.

34.   Plaintiffs allege that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiffs.

35.   Defendants assumed a duty, through the subscriber agreement with the CRAs and by other actions, to accurately report the balances after individuals, like the Plaintiffs, received a discharge.

36.   Defendants violated all of the duties the Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

37.   It was foreseeable, and Defendants did in fact foresee it, that refusing to properly update would cause the exact type of harm suffered by the Plaintiffs.

38.   Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiffs as set forth in this Complaint. This includes the initial reporting of Defendants' accounts; the handling of any investigations on the accounts; the intentional refusal to properly update the accounts; and all other aspects as set forth in this Complaint.

39.   Defendants invaded the privacy of Plaintiffs as set forth in Alabama law, including publishing false information about Plaintiffs' personal financial obligations.

40.   Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

## **RELIEF SOUGHT**

41.   An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

42.   Plaintiffs also requests all further relief to which Plaintiffs are entitled, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiffs**

**OF COUNSEL:**
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL  35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiffs**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL  35233
(205) 714-4443
(205) 714-7177  *facsimile*
msh@mstanherringlaw.com

**PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**<u>Serve defendants via certified mail at the following addresses:</u>**

Household Finance Corporation of Nevada
c/o Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Palisades Collection, LLC
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109